

## Notice of Service of Process

**null / ALL**
**Transmittal Number: 24542015**
**Date Processed: 03/01/2022**

| | |
|---|---|
| **Primary Contact:** | Walgreens Distribution<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Walgreen Co.<br>Entity ID Number  0501431 |
| **Entity Served:** | Walgreens |
| **Title of Action:** | Linde L. Jacobs, as Trustee for the Heirs and Next of Kin of Allison Lee vs. Walgreens Company, d/b/a Walgreens |
| **Matter Name/ID:** | Linde L. Jacobs, as Trustee for the Heirs and Next of Kin of Allison Lee vs. Walgreens Company, d/b/a Walgreens (12054871) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | Dakota County District Court, MN |
| **Case/Reference No:** | 32662-35553 |
| **Jurisdiction Served:** | Minnesota |
| **Date Served on CSC:** | 02/28/2022 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Eckberg Lammers, P.C.<br>651-439-2878 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**EXHIBIT**

**A**



www.eckberglammers.com

**Writer's Direct Dial:**
(651) 351-2119

**Writer's E-mail:**
tweidner@eckberglammers.com

**Reply to Stillwater**

February 28, 2022

Walgreens
Corporate Office
200 Wilmot Road
Deerfield, IL  60015

Walgreens
4220 Lexington Avenue S
Eagan, MN  55123

Re:    *Linde L. Jacobs as Trustee for the Heirs and Next of Kin of Allison Lee v. Walgreens Company,*
*d/b/a Walgreens, ABC Walgreens Employee(s), and DEF Walgreens Pharmacist(s)*
Our File No:  32662-35553

Dear Sir or Madam:

Enclosed and personally served upon you is a Summons and Complaint, regarding the above-referenced matter. I would request that you provide this information to the claim representative handling this matter on your behalf, specifically:

Karen Bole
Sedwick Claims Management Services, Inc.
PO Box 14439
Lexington, KY 40512-4439
Tel:    (866) 640-2927 ext. 51022
Claim No: 30217773538-0001

Please include my paralegal, Jennifer Brodrick, in all future communications. She can be reached at (651) 351-2132 or by email at jbrodrick@eckberglammers.com.

Please govern yourself accordingly.

Sincerely,

Thomas J. Weidner
TJW/sam
Enclosures
c:    Linde Jacobs (w/enclosures)
Karen Bole    (w/enclosures) - Claim No: 30217773538-0001

**Stillwater Office**
1809 Northwestern Avenue
Stillwater, MN 55082
Phone: 651-439-2878
Fax: 651-439-2923

**Hudson Office**
430 Second Street
Hudson, WI 54016
Phone: 715-386-3733
Fax: 715-386-6456



**STATE OF MINNESOTA**                                    **DISTRICT COURT**

**COUNTY OF DAKOTA**                              **FIRST JUDICIAL DISTRICT**

|  |  |
|---|---|
| | Court File No: |
| Linde L. Jacobs, as Trustee for the Heirs and | Case Type: Wrongful Death |
| Next of Kin of Allison Lee, | |
| | |
| Plaintiff, | **SUMMONS** |
| | |
| v. | |
| | |
| Walgreens Company, d/b/a Walgreens., ABC | |
| Walgreens Employee(s), and DEF Walgreens | |
| Pharmacist(s). | |
| | |
| Defendants. | |

THIS SUMMONS IS DIRECTED TO DEFENDANTS ABOVE-NAMED:

    1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

        Thomas J. Weidner
        Eckberg Lammers, P.C.
        1809 Northwestern Avenue
        Stillwater, MN 55082

    3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5.    **LEGAL ASSISTANCE.**  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.    **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

ECKBERG LAMMERS, P.C.

Dated:  _2 - 28 - 22_                         By:  _____
                                                Thomas J. Weidner (208395)
                                                Attorney for Plaintiff
                                                1809 Northwestern Avenue
                                                Stillwater, MN 55082
                                                (651) 439-2878
                                                tweidner@eckberglammers.com

[32662-35553/3005843/1]              2

**STATE OF MINNESOTA**

**COUNTY OF DAKOTA**

Linde L. Jacobs, as Trustee for the Heirs and
Next of Kin of Allison Lee,

      Plaintiff,

v.

Walgreens Company, d/b/a Walgreens., ABC
Walgreens Employee(s), and DEF Walgreens
Pharmacist(s).

      Defendants.

**DISTRICT COURT**

**FIRST JUDICIAL DISTRICT**

Court File No:
Case Type: Wrongful Death

**COMPLAINT**

Plaintiff Linde L. Jacobs, as Trustee for the Heirs and Next of Kin of Allison Lee, hereby

states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Linde L. Jacobs, as Trustee for the Heirs and Next of Kin of Allison Lee,

is an individual residing in the City of Eagan, County of Dakota, State of Minnesota.

2.    Allison Lee was the mother of Plaintiff Linde L. Jacobs and was 62 at the time of

her death.

3.    Defendant Walgreens Company d/b/a Walgreens ("Defendant Walgreens"), is a

foreign corporation that owns and operates a Walgreens store at 4220 Lexington Ave S, Eagan,

MN 55123 ("Walgreens Building").

4.    Based upon information and belief, Defendant(s) ABC Walgreens Employee(s)

("ABC Defendants") are residents of the State of Minnesota.

5.    Based upon information and belief, at all times relevant, ABC Defendants were

employees of Defendant Walgreens who worked at the Walgreens Building.

6.    Based upon information and belief, Defendant(s) DEF Walgreens Pharmacist(s)

("DEF Defendants") are residents of the State of Minnesota.

7.     Based upon information and belief, at all times relevant, DEF Defendants were employees of Walgreens who worked at the Walgreen's Building.

8.     This Court has jurisdiction over this matter under Minnesota law, including Minn. Stat. § 484.01. Venue is proper in this Court under Minn. Stat. § 542.09 in that the cause of action arose in this county.

## BACKGROUND FACTS

9.     On June 23, 2021, Allison Lee walked to the Walgreens Building as she had done often for the past 20 years.

10.     The Walgreens Building is open to the public, sells a variety of products, and operates a pharmacy, similar to Walgreens stores across the United States.

11.     Upon information and belief, on June 23, 2021 at the time Allison Lee entered the Walgreens Building, portions of the floor of the Walgreens Building were wet and slippery.

12.     Upon information and belief, Defendants failed to provide any notice to customers that portions of the floor were wet.

13.     Upon information and belief, Allison Lee fell on this wet area of the floor while shopping in the Walgreens Building and struck her head and face as a result.

14.     Upon information and belief, DEF Defendants and ABC Defendants observed Allison Lee's fall and approached in an effort to render assistance.

15.     Upon information and belief, Allison Lee was visibly unsteady on her feet and exhibited poor balance.

16.     Upon information and belief, DEF Defendants and ABC Defendants did not adequately examine Allison Lee's wellbeing or call for emergency services at this time.

2

17. Upon information and belief, DEF Defendants and ABC Defendants left the scene of the fall and left Allison Lee unattended while gathering paperwork.

18. Upon information and belief, Allison Lee walked a short distance from the location of her fall before collapsing to the ground in isle 29 of the Walgreens Building.

19. Upon information and belief, a customer screamed as they saw Allison Lee fall, drawing the attention of DEF Defendants, who found Allison Lee unconscious on the ground bleeding from the back of her head.

20. Upon information and belief, a customer called 911 as DEF Defendants checked Allison Lee's pulse.

21. An EMS crew was dispatched at 1:13 p.m. on June 23, 2021 in response to the customer's 911 call.

22. The EMS crew arrived at 1:19 p.m. and found Allison Lee lying on the floor in isle 29 of the Walgreens Building bleeding from the back of her head. Allison Lee was "out of it and was answering questions very slowly."

23. Allison Lee was taken to Regions Hospital by the EMS crew.

24. On August 11, 2021, Allison Lee died from complications relating to brain injuries caused by the June 23, 2021 falls.

### COUNT I
### NEGLIGENCE – SLIP AND FALL

25. Plaintiff incorporates by reference all the above paragraphs as though fully set forth herein.

26. ABC and DEF Defendants at all relevant times were employees and agents of Defendant Walgreens.

27. Defendants owed a duty of care to maintain a safe premises and provide notice of

3

dangers on the premises to its invitees, including Allison Lee.

28.     Defendants owed a duty of care to reasonably erect warnings of, provide notice of and/or otherwise remedy the slippery floor in the Walgreens Building to prevent an unreasonable risk of harm to invitees, including Allison Lee.

29.     Defendants breached this duty of care by carelessly and recklessly failing to reasonably provide notice and/or remedy the slippery floor in the Walgreens Building.

30.     Defendants knew or should have known the slippery floor would become a hazard without warnings, signs, or other notices of danger to invitees.

31.     Defendants' breach of the duty of care was the actual and proximate cause of Allison Lee's death.

32.     As a result of the death of Allison Lee, her heirs have suffered the loss of her comfort, assistance, companionship and support, has paid out certain sums of money providing for a proper funeral and burial, and has otherwise suffered damages and pecuniary loss all to their detriment in a sum undetermined at this time.

## COUNT II
## NEGLIGENCE BY OMISSION

33.     Plaintiff incorporates by reference all the above paragraphs as though fully set forth herein.

34.     Defendant Walgreens, as a business open to the public, had an affirmative duty of care towards Allison Lee due to her status as an invitee.

35.     ABC and DEF Defendants at all relevant times were employees and agents of Defendant Walgreens.

36.     Defendants owed an affirmative duty of care to assist Allison Lee and/or protect her from future harm once she fell and was injured on the premises.

4

37.     Defendants breached this duty of care by carelessly and recklessly ignoring Allison Lee's injuries and failing to call emergency services or scrutinize the severity of her injuries.

38.     Defendants' breach of the duty of care was the actual and proximate cause of Allison Lee's death.

39.     As a result of the death of Allison Lee, her heirs have suffered the loss of her comfort, assistance, companionship and support, have paid out certain sums of money providing for a proper funeral and burial, and have otherwise suffered damages and pecuniary loss all to their detriment in a sum undetermined at this time.

## COUNT III
## NEGLIGENT SUPERVISION AND TRAINING

40.     Plaintiff incorporates by reference all the above paragraphs as though fully set forth herein.

41.     Defendant Walgreens failed to use reasonable care in the supervision and training of ABC Defendants and DEF Defendants in their capacity as an employee, agent and/or servant of Defendant Walgreens.

42.     Defendant Walgreens failed to properly train and supervise employees to maintain a safe premises for invitees.

43.     Defendant Walgreens further failed to properly train and supervise employees to respond to customers injured on their premises.

44.     As a result of Defendant Walgreens' negligent supervision and training, ABC Defendants' and DEF Defendants' negligence caused the falls of Allison Lee on June 23, 2021, and her subsequent death.

45.     As a result of the death of Allison Lee, her heirs have suffered the loss of her

5

comfort, assistance, companionship and support, have paid out certain sums of money providing for a proper funeral and burial, and have otherwise suffered damages and pecuniary loss all to their detriment in a sum undetermined at this time.

**WHEREFORE,** Plaintiff prays for the judgment of the Court against ABC Defendants, DEF Defendants, and Defendant Walgreens, jointly and severally, for damages in an amount greater than Fifty Thousand Dollars ($50,000); together with costs, disbursements and pre-judgment interest herein, and for such other and further relief as the Court deems just and equitable.

Dated: 2-25-22

ECKBERG LAMMERS, P.C.

By: _____
Thomas J. Weidner (208395)
Attorney for Plaintiff
1809 Northwestern Avenue
Stillwater, MN 55082
(651) 439-2878
tweidner@eckberglammers.com

## ACKNOWLEDGMENT

Pursuant to Minn. Stat. §549.211 (1) and (3), the party or parties represented by the undersigned attorneys acknowledge(s) that costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties for actions in bad faith; the assertion of a claim or a defense that is frivolous and that is costly to the other party; the assertion of an unfounded position solely to delay the ordinary course of the proceedings or to harass; or the commission of a fraud upon the Court.

Dated: 2-25-22

ECKBERG LAMMERS, P.C.

By: _____
Thomas J. Weidner (208395)
Attorney for Plaintiff

6